UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOKMORN CHEA, | 1:12-CV-00647 LJO BAM HC |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| R. DIAZ, Warden, | [Doc. #13] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Fresno, following his conviction in 2007 of first degree murder in the gang-related killing of a woman and her unborn child. See Lodged Doc. No. 4.[1] Petitioner was sentenced to serve two consecutive terms of life without the possibility of parole plus an additional consecutive term of fifty years to life. Id.

Petitioner timely appealed his conviction. On February 19, 2009, the California Court of

---

[1]"Lodged Doc." refers to the documents lodged by Respondent in support of the motion to dismiss.

1  Appeals, Fifth Appellate District (hereinafter "Fifth DCA"), affirmed the judgment in a reasoned
2  decision. Id.  The opinion was thereafter modified on March 9, 2009, without any substantive
3  change. See Lodged Doc. No. 6.  Petitioner then filed a petition for review in the California Supreme
4  Court on March 24, 2009. See Lodged Doc. No. 7.  On May 13, 2009, the petition was summarily
5  denied.

6      Petitioner thereafter filed several post-conviction collateral challenges with respect to the
7  judgment in the state courts.  On June 24, 2010,[2] he filed a petition for writ of habeas corpus in the
8  Fresno County Superior Court. See Lodged Doc. No. 10.  The petition raised claims concerning
9  security measures and shackling along with an ineffective assistance of counsel claim related to
10 those claims. Id.  The court determined there was no merit to Petitioner's claims and denied the
11 petition on August 11, 2010. See Lodged Doc. No. 11.

12     Petitioner next filed a habeas petition in the Fifth DCA on October 7, 2010. See Lodged
13 Doc. No. 12.  Petitioner raised the same three claims as he did in the previous petition, but he also
14 included seven new claims including a violation of Miranda and multiple ineffective assistance of
15 counsel claims. Id.  On March 7, 2011, the Fifth DCA denied the petition without prejudice, because
16 Petitioner had failed to exhaust his remedies in the superior court by raising all of the issues he was
17 now raising in the appellate court. See Lodged Doc. No. 14.  On March 22, 2011, Petitioner filed an
18 "explanation" and "motion for excusing default" in the Fifth DCA regarding his need to file first in
19 the superior court. See Lodged Doc. No. 15.  He argued that he was not required to first proceed to
20 the superior court. Id.   The Fifth DCA mailed a letter response to Petitioner on March 29, 2011,
21 wherein the court advised Petitioner that under California law pursuant to In re Hillery, 202
22 Cal.App.2d 293 (1962), he must first proceed to the superior court before raising new claims in the
23 appellate court. See Lodged Doc. No. 16.  Petitioner was further advised that he failed to explain
24 why he could not file a petition in the superior court at or about the same time he prepared and filed
25 his appellate court petition. Id.

---

[2] Pursuant to the mailbox rule, the Court deems the various petitions filed on the date they were signed and presumably handed to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001). As to this first state petition, Petitioner did not date the petition or include a proof of service. Therefore, the Court will consider the petition filed as of the actual filing date.

1    Meanwhile on March 13, 2011, Petitioner filed a second habeas petition in the Fresno County
2    Superior Court. See Lodged Doc. No. 17. He raised the same Miranda and ineffective assistance of
3    counsel claims he presented in his appellate court petition, but also added a cumulative error claim.
4    Id. On June 9, 2011, the superior court denied the petition, finding the petition to be untimely and an
5    "improper successive petition that attempts to raise piecemeal challenges to the conviction." Id.
6    Citing to In re Clark, 5 Cal.4th 750, 769-70 (1993), the court noted that abusive writ practice or
7    repetitious collateral attacks are not to be condoned and declined to entertain the merits of the
8    petition, and in the alternative, found the petition to be meritless. Id.

9    Petitioner then proceeded back to the Fifth DCA by filing a second habeas petition on July
10    21, 2011. See Lodged Doc. No. 19. He raised the same claims he did in the prior superior court
11    petition. Id. On February 2, 2012, the Fifth DCA denied the petition without prejudice, stating:

> The 'Petition for Writ of Habeas Corpus,' filed on August 1, 2011, is denied without prejudice. Insofar as petitioner contends that trial counsel did not adequately argue that petitioner believed his offer of $200 to the Minnesota police officer was legal, petitioner failed to summarize the arguments counsel made at trial and has failed to articulate what specific additional arguments counsel should have made. This court notes that this is not the sole reason for rejecting petitioner's contentions. This court takes judicial notice of the contents of the declaration of trial counsel and petitioner's reply in In re Sokmorn Chea, F061045.

See Lodged Doc. No. 21.

On February 8, 2012, Petitioner requested clarification of the order. See Lodged Doc. No. 20. On February 17, 2012, the Fifth DCA responded: "The order denying your petition for writ of habeas corpus was final on the day it was filed. Your remedy is to file a new petition." Id.

On March 27, 2012, Petitioner filed his final habeas petition with the California Supreme Court. See Lodged Doc. No. 22. He raised the same claims as the prior petition. Id. The petition was denied without comment on July 25, 2012. See Lodged Doc. No. 23.

On April 22, 2012, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On June 14, 2012, the Court issued an order directing Respondent to brief the issue of timeliness. On August 2, 2012, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). On September 4, 2012, Petitioner filed an opposition to Respondent's motion to dismiss. Respondent filed a reply on

September 18, 2012.

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Upon preliminary review of the petition, it appeared that the petition was untimely. Therefore, the Court directed Respondent to brief the issue of timeliness. In accordance with the Court's order, Respondent filed a motion to dismiss on this basis. The Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

B. Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on April 22, 2012, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on May 13, 2009. Thus, direct review concluded on August 11, 2009, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner had one year until August 11, 2010, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir.2001). In this case, Petitioner delayed filing the instant petition until April 22, 2012, which was over one year and eight months beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute of limitations.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by

1  the federal courts to have been untimely in state court will not satisfy the requirements for statutory
2  tolling. Id.

3  Petitioner is entitled to some interval tolling of the statute of limitations.  In this case, there is
4  no dispute that the statute of limitations commenced on August 12, 2009, and continued to run until
5  Petitioner filed his first state habeas petition on June 24, 2010.  At that point, 317 days of the
6  limitations period had expired.  The superior court Petitioner's first petition for habeas corpus on
7  August 11, 2010.  Petitioner is entitled to tolling for the 49-day interval the petition was pending
8  since Petitioner was properly pursuing his state court remedies.  Petitioner next filed a habeas
9  petition in the Fifth DCA on October 7, 2010.  Since Petitioner was proceeding to the next appellate
10 level in a timely fashion, he is entitled to interval tolling between the two petitions from August 12,
11 2010, to October 7, 2010.

12 Respondent argues that Petitioner is not entitled to tolling for the time this October 7, 2010
13 petition with the 5th DCA was pending because the petition was not "properly filed" under 28 U.S.C.
14 § 2254(d)(2).  Respondent points to the rejection by the appellate court of the petition as
15 unexhausted pursuant to In re Hillery, *supra*, 202 Cal.App.2d 293, and the court's direction to
16 Petitioner to return to the superior court.  Hillery held that a California Court of Appeal has
17 discretion to refuse to issue a writ of habeas corpus as an exercise of original jurisdiction on the
18 ground that application has not been made in a lower court in the first instance, where there is no
19 showing in the petition that any extraordinary reason exists for action by the appellate court rather
20 than by the superior court. Id. In essence, Hillery signifies a failure to exhaust.

21 Respondent's argument is not persuasive.  An application is "properly filed" pursuant to 28
22 U.S.C. § 2254(d)(2) when it is "delivered to, and accepted by, the appropriate court officer for
23 placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Here, it is undisputed
24 that the October 7, 2010 5th DCA petition was filed by the appropriate court officer and placed in the
25 official record.  Notwithstanding, Artuz further held that to constitute proper filing, the actual
26 "delivery and acceptance" of the petition must be in compliance with the "applicable laws and rules
27 governing filings." Id.  Respondent contends the petition was not properly filed because Hillery
28 signaled: 1) that the petition was sent to the wrong court; and 2) that Petitioner's failure to exhaust

was a condition which prevented the petition from being properly filed. Respondent argues Petitioner failed to abide by the applicable laws and rules governing filings. The Court is not persuaded by either argument.

The California Constitution permits a habeas petitioner to file an original application for habeas relief at any level of the California courts. See Cal. Constitution Art. VI, § 10; In re Steele, 32 Cal.4th 682, 692, 10 Cal.Rptr.3d 536, 85 P.3d 444 (2004). As it is undisputed that the appellate court had original jurisdiction to consider the petition, it does not follow that Petitioner filed the petition in the "wrong court." Here, the appellate court declined to review a petition based on a legal issue and determined instead that a petitioner must first seek relief in the court below. This legal evaluation is not equivalent to a petition being filed improperly, such as mailed to the wrong court.

The Court also does not agree with Respondent's argument that the failure to exhaust under California law is a condition precedent to "proper filing." A "state post-conviction petition which has been denied for failing to comply with 'a condition to filing, as opposed to a condition to obtaining relief,' is not 'properly filed' application under 28 U.S.C. 2244(d)(2)." Artuz, 531 U.S. at 8. The Supreme Court has held that the existence of a *procedural bar* is a question quite distinct from whether or not the state application was "properly filed" for tolling purposes. Id. at 11 (distinguishing between "a condition to filing" which is a requisite for an application to be properly filed and "a condition to obtaining relief," which is normally implicated by the assertion of a procedural bar). Conditions which would render a filing improper include such defects as filing in the wrong court, improper form of the document, failure to pay the filing fee, and failure to deliver to the appropriate personnel at the court.

The Supreme Court has also determined that timeliness constitutes a condition to filing. Pace, 544 U.S. at 417 (2005); see also Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir.2005) (petition dismissed as untimely by California court is not "properly filed" and, in turn, not entitled to statutory tolling under the AEDPA). In holding that timeliness was more akin to a "filing condition" than to a procedural bar to relief, the majority opinion in Pace stated as follows:

> For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in Artuz,

which go to the ability to obtain relief."

Pace, 544 U.S. at 417.

The Court does not agree that a failure to exhaust equates to an untimely petition as a condition to filing. Rather, the Court considers the Hillery citation for failure to exhaust "to be more closely analogous to a procedural bar that denies Petitioner *relief* than to a dismissal for lack of proper form, failure to pay the filing fee, or untimeliness, all of which go to the proper *initiation* of the application in the first instance." Calderon v. Kane, 1:05-CV-01106 LJO TAG HC, 2008 WL 508462 (E.D. Cal. Feb. 22, 2008), report and recommendation adopted, 1:05-CV-01106 LJO TAG HC, 2008 WL 683361 (E.D. Cal. Mar. 12, 2008). With respect to untimeliness, the Supreme Court noted in Artuz that "it must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not "properly filed." 531 U.S. at 10.

A failure to exhaust is not such a condition which would prevent the initiation of a petition. Here, the appellate court filed the petition and reviewed it to such an extent as to request an informal response from Petitioner's trial counsel and briefing by the parties before determining in its discretion that the superior court should first consider the additional claims. See Lodged Doc. No. 13. The failure to exhaust does not at all resemble a condition which prevented the initiation of the petition. Therefore, the petition was "properly filed" within the meaning of 28 U.S.C. 2244(d)(2). See Hebert v. Marshall, CIV S-08-2358 GGH P, 2009 WL 3055209 (E.D. Cal. Sept. 14, 2009) *aff'd,* 415 F. App'x 818 (9th Cir. 2011) (citation to Hillery does not mean petition was improperly filed); Romero v. Ryan, 2007 WL 4984060 (S.D.Cal.2007) (same); Calderon, 2008 WL 508462 (same). Accordingly, Petitioner is entitled to tolling for the time the petition was pending until March 7, 2011, when the petition was denied.

Petitioner next returned to Fresno County Superior Court and filed a second habeas petition on March 13, 2011. Petitioner is not entitled to interval tolling because he was not proceeding to the next level of the state court system. Carey, 536 U.S. at 215, 224, 226 ("intervals between a lower court decision and a filing of a new petition in a higher court [are] within the scope of the statutory word 'pending'" unless the petitioner delayed unreasonably). Petitioner did not proceed to the California Supreme Court. He began anew in the Fresno County Superior Court. The Court

acknowledges that there is an exception recognized in the Ninth Circuit in King v. Roe, 340 F.3d 821, 823 (9th Cir.2003), whereby tolling may be granted for intervals between two rounds of state habeas review, provided the second petition is merely attempting to correct a deficiency in the first petition. As noted by Respondent, the exception applies only "if the second petition is merely limited to an elaboration of the facts relating to the claims in the former petition," such that "the second petition was an attempt by the petitioner to correct deficiencies in the first petition." Id; see also Stancle v. Clay, __ F.3d __, 2012 WL 3667315, *4 (9th Cir.2012).

    This second habeas petition in Fresno County Superior Court was not a mere elaboration of facts. Petitioner began his first round of review on three claims. He then decided to add seven new unrelated claims when he moved to the next appellate level. The initial claims were not factually insufficient and required further elaboration. Petitioner was essentially commencing a new round of review. The Fifth DCA determined this new round of review was inappropriate, and to the extent Petitioner intended to seek review of these seven new unrelated claims, he was directed to begin anew in the superior court. Petitioner then returned to the superior court on March 13, 2011 with the additional claims, thereby commencing a second round of review. Therefore, the time between the completion of a first round and the beginning of a second round is not tolled. Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir.2003). Thus, he is not entitled to tolling for the interval between the appellate court petition and the subsequent superior court March 13, 2011 petition. Accordingly, the limitations period recommenced on March 7, 2011.

    The superior court ultimately denied the petition as successive and untimely. In determining the petition was untimely, the superior court found no justification for Petitioner's delay in presenting his claims. See Lodged Doc. No. 18. The Supreme Court has stated that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414, quoting Carey, 536 U.S. at 226. The state superior court's alternative procedural default ruling does not change the result. Pace, 544 U.S. at 414. An improper successive petition is also not considered properly filed for tolling purposes. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir.2010) (for tolling to apply to a second round of review, the petition cannot be untimely or successive). The Fresno County Superior Court's finding that Petitioner's habeas

1  corpus petition was untimely and successive under California law renders the petition not "properly
2  filed" and therefore it does not toll the limitations period. See Bonner v. Carey, 425 F.3d 1145, 1149
3  (9th Cir.2005). Therefore, with 48 days remaining (365 days minus 317 days), the limitations period
4  continued running during this period until it expired on April 24, 2011.

5  Petitioner filed two more state habeas petitions, however, they were not filed until after the
6  limitations period had already expired. They could not operate to revive the limitations period.
7  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir.2001). Accordingly, the instant petition was filed one
8  year after the limitations period had already expired. The federal petition is untimely and should be
9  dismissed. 28 U.S.C. § 2244(d).

10 D. Equitable Tolling

11 The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that
12 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his
13 way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran
14 Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998),
15 *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S.
16 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544
17 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395
18 (9th Cir.1993). In his opposition, Petitioner claims he should be entitled to equitable tolling because:
19 1) The state court affirmatively misled Petitioner by directing him back to the superior court; and 2)
20 The state court erred by failing to allow Petitioner the opportunity to delete his new claims and
21 proceed on his existing claims pursuant to Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005).
22 Petitioner's arguments do not merit equitable tolling.

23 First, Petitioner was not misled by the appellate court in any respect. California law is clear
24 that Petitioner must first present any fact-intensive claims to the superior court before proceeding to
25 the appellate court. Hillery, 202 Cal.App.2d at 294. As previously discussed, the appellate court
26 retains discretion to hear the claims. Nevertheless, it was Petitioner's decision to gamble by
27 presenting the claims first to the appellate court hoping it would exercise its discretion to consider
28 them. The appellate court exercised its discretion by declining to review the claims and directing

1  Petitioner back to the superior court.  The ruling was a proper exercise of state law and certainly not
2  misleading.  The appellate court's ruling concerned only state law and had nothing to do with the
3  federal statute of limitations.  It was incumbent on Petitioner himself to comply with the federal
4  limitations period.  Whether his convoluted process through the state court would be timely under
5  the federal statute of limitations was his burden, not the state court's.

6         Similarly, Petitioner's argument that the appellate court erroneously dismissed his petition
7  without offering him the opportunity to withdraw the additional claims is completely without merit.
8  Petitioner's citation to Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005) is unavailing since Jefferson
9  relates only to dismissals by *federal* courts.  There is no such requirement under California law.  As
10 discussed above, it was Petitioner's decision to add seven new unrelated claims to his appellate court
11 petition.  He cannot fault the appellate court for abiding by settled California law.

12        Certainly, these arguments do not suffice as extraordinary circumstances beyond Petitioner's
13 control.  In fact, his circumstances were entirely within his control.  In addition, Petitioner fails to
14 sustain his burden of showing his own diligence.  As noted by Respondent, nearly the entire federal
15 limitations period, 317 days of 365 days, had inexplicably expired by the time Petitioner filed his
16 first state habeas petition.  Following the filing of his first petition containing three claims, he
17 produced another petition containing seven new claims within fifty-seven days.  Respondent
18 correctly argues that Petitioner's inexplicable delay necessarily precludes a finding of diligence to
19 warrant any equitable tolling.  Pace, 544 U.S. at 418-19 (a petitioner must demonstrate he exercised
20 diligence at all times prior to filing the federal petition to qualify for equitable tolling).  Accordingly,
21 Petitioner's argument for equitable tolling should be denied.

22                                    **RECOMMENDATION**

23        Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
24 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to
25 comply with 28 U.S.C. § 2244(d)'s one year limitation period.

26        This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
27 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B).
28 Within thirty (30) days after date of service of this Findings and Recommendation, any party may

1  file written objections with the Court and serve a copy on all parties.  Such a document should be
2  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
3  Objections shall be served and filed within fourteen (14) days after date of service of the Objections.
4  The Finding and Recommendation will then be submitted to the District Court for review of the
5  Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
6  to file objections within the specified time may waive the right to appeal the Order of the District
7  Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8       IT IS SO ORDERED.

9       Dated:   **October 12, 2012**          /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE